TECLA STAUNCH AND ANTHONY STAUNCH, RESPOND-
ENTS, v. HERBERT B. LAZARUS, APPELLANT.

Submitted May term, 1931—Decided October 7, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Joseph C. Paul.*

For the respondents, *J. Edward Bennett* (*Samuel E. Kresch,* of counsel).

PER CURIAM.

Mrs. Staunch was injured through the fall of the plaster from a ceiling in the apartment which she occupied in an apartment house, due to a leaky water pipe in the apartment above. The present action was brought against the landlord for the damages sustained by Mrs. Staunch and her husband. Judgments were rendered in their favor in the court below, and the defendant appeals.

Among the reasons urged for reversal is one that there was no proof of negligence, and we think this is so. The plaster fell from the ceiling, caused by the leaky pipe, as stated. The landlord having his attention drawn to the leak, undertook to repair the pipe and, so far as the proofs show, did it effectively. The next day the plaster fell, injuring the plaintiff. This, as the only inference, was due to the water which had already saturated the plaster. As to this water the owner had assumed no responsibility. It did not come from a part of the premises as to which he had retained control. There was no proof that the pipe leaked after the

repair. The only evidence on this point was that of the plaintiff. She was asked: "After they made the repairs and before the ceiling fell, was the water leaking again?" The question was not answered because of objection. She was again asked: "Did you notice the ceiling after they repaired the pipe and before the ceiling fell? A. After the repairs were made I couldn't see the pipes. Q. Could you see water coming from the ceiling? A. Water from ceiling, but broke pipe; what's the matter, fall down." The expression "broke pipe" must have referred to the pipe before it was repaired as she had previously said it was repaired the day before, and the uncontradicted evidence of the defense showed the pipe itself was effectively repaired. The court seems to have confused the repair of the pipe and the repair of the ceiling. There was no repair of the ceiling nor any undertaking to do so. The owner could not be held for its condition except upon the theory of a negligent repair of the pipe which we think was not shown. The pipe had been leaking for two weeks and probably so weakened the plaster that it fell the day after the pipe was fixed. The husband was asked if the ceiling leaked after the repair and he said, "not so much, a little wet, that's all, does not leak now."

Considering the burden on the plaintiff, this was wholly insufficient to justify a conclusion that the pipe was carelessly repaired.

The judgment is reversed, with costs.